**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ZABIAN R. CROSBY, | ) | 1:09-cv-01764 GSA |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S MOTION |
| | ) | FOR DEFAULT JUDGMENT |
| v. | ) | |
| | ) | ORDER DENYING PLAINTIFF'S MOTION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | FOR HEARING |
| | ) | (Docs. 14, 15, 20 and 21) |
| | ) | |
| Defendant. | ) | |

### I.     Introduction

On April 13, 2010, Plaintiff, Zabian Crosby ("Plaintiff") filed a Motion for Default Judgment. (Docs. 14 and 15). The Commissioner of Social Security ("Defendant") filed an opposition on April 28, 2010. (Doc. 18). Plaintiff did not file reply. Instead on May 13, 2010, Plaintiff filed a Motion for a Hearing. (Docs. 20 and 21).

Based on a review of the pleadings, the Court determined that the matter is suitable for decision without oral argument pursuant to Local Rule 230 (h). Plaintiff's Motion for Hearing is DENIED. Plaintiff's Motion for Default Judgment is also DENIED.

### II.    Relevant Background

Plaintiff filed this action on October 7, 2009. (Doc. 1.) On October 9, 2009, this Court granted Plaintiff's application to proceed in forma pauperis. (Doc. 3.) On that same date, the Court issued its Scheduling Order and Summons to Defendant. (Docs. 4 & 5.) Thereafter, Defendant received service of process on December 7, 2009. (Doc. 8.)

On February 10, 2010, Plaintiff filed a Request for Entry of Default, wherein he asked the Clerk of the Court to enter default against Defendant for its purported failure to respond to the summons within sixty days. (Doc. 10.) On February 17, 2010, the Court denied Plaintiff's request. (Doc. 11). Plaintiff has filed the instant motion on April 13, 2010, requesting default judgment. (Doc. 14).

In the instant motion, Plaintiff requests default judgment because the Defendant filed the administrative record on April 8, 2010 rather than on April 6, 2010, which was the date set forth in this Court's scheduling order.[1] Defendant opposes Plaintiff's Motion for Default Judgment on the basis that Plaintiff's motion does not establish the merits of his claim but merely asks for default judgment because the government's answer was filed two days late. (Doc. 18). Defendant argues the motion is therefore insufficient.

**III.   Discussion**

Plaintiff moves for entry of default judgment. The Court construes Plaintiff's request as a motion pursuant to Federal Rule of Civil Procedure 55(b)(2), which provides that default judgment may be entered:

> By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has personally appeared or by a representative, that party or its representative must be served with written notice of the application at least seven days before the hearing. The court may conduct hearings or make referrals - preserving any federal statutory right to a jury trial ...

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to

---

[1] Defendant has 120 days from the date it receives service of process within which to file the administrative record. (*See* Doc. 5 at ¶ 2 ["Within one hundred twenty (120) days after service of the complaint, respondent shall serve a copy of the administrative record on appellant and file it with the court. The filing of the administrative record shall be deemed an answer to the complaint"].) Thus, because Defendant was served on December 7, 2009, Defendant had through and including April 6, 2010, within which to file the administrative record in this matter. The filing of the administrative record is deemed to be an answer to Plaintiff's complaint.

2

1  excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring
2  decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).
3         As a preliminary matter, Plaintiff's motion is procedurally deficient.  Prior to filing a motion
4  for default judgment, default must be entered by the Clerk of the Court. Fed. R. Civ. Pro. 55(a).
5  Although Plaintiff had previously requested that entry of default be entered, his request was denied.
6  (Doc. 11).  Plaintiff has not renewed this request.  If default had been entered, Plaintiff could then
7  file a motion for default judgment.  When considering an application for a default judgment, a court
8  must determine whether Plaintiff's claims are legally sufficient.  An application for default judgment
9  qualifies as a motion pursuant to Federal Rules of Civil Procedure, Rule 7(b)(1) and Local Rule 101
10 and it should include briefs pursuant to Local Rule 230(b).  Thus, Plaintiff should have provided the
11 Court with points and authorities containing citations showing that Plaintiff's claims are legally
12 sufficient.
13        Notwithstanding the above, if Plaintiff had obtained an entry of default, the Court would deny
14 Plaintiff's motion based on an application of the Eitel factors outlined above.  Plaintiff has not
15 provided the Court with any legal authority in support of his motion, nor has he established that the
16 complaint contains the necessary elements to sufficiently state a claim.  Although Plaintiff will suffer
17 some prejudice, a denial is warranted since Defendant did appear in this action, albeit two days late.
18 Moreover, since this is a Social Security case, there will likely be a material dispute concerning the
19 facts in this action, and as a general rule, default judgments are disfavored.  Westchester Fire Ins.
20 Co. v. Mendez, 585 F. 3d 1183 (9th Cir. 2009).  Cases should be decided upon their merits whenever
21 possible.  Pena v. Seguros Las Comercial, S.A., 770 F. 2d 811, 814 (9th Cir. 1985).   Finally, a
22 default judgment may only be entered against the United States or its agencies if the claimant
23 establishes a claim or a right by evidence that satisfies the Court.  Fed. R. Civ. P. 55(d); See also,
24 Borzeka v. Heckler, 739 F. 2d 444, 446 (9th Cir. 1984) (Default judgment not appropriate in Social
25 Security case because the motion only alleged that the Commissioner had not timely responded to
26 the complaint, and therefore, did not address the merits of the case).  Here, the Court cannot make
27 a finding that Plaintiff has established his claim under these circumstances.
28 ///

## IV. Conclusion

Based on the above, Plaintiff's motions are denied, however, the Court will modify the briefing schedule to rectify any prejudice Plaintiff may have suffered as a result of Defendant's late filing. Accordingly, IT IS HEREBY ORDERED:

1) Plaintiff's Motion for Default Judgment is DENIED;

2) Plaintiff's Motion for Hearing is DENIED;

3) Plaintiff's confidential letter brief shall be served on Defendant no later than **June 22, 2010**. The confidential letter brief shall outline the reasons why Plaintiff contends that a remand is warranted. The confidential letter brief shall succinctly set forth the relevant issues and reasons for remand. The confidential letter brief shall NOT be filed with the Court and shall be marked "confidential;"

4) Defendant shall respond to Plaintiff's confidential letter brief no later than **July 27, 2010.** The response shall NOT be filed with the Court and shall be marked "confidential;

5) In the event that the parties stipulate to a remand to the Commissioner, the stipulation shall be filed with the Court within fifteen (15) days after Defendant serves its response on Plaintiff;

6) In the event that Defendant does not agree to remand, Plaintiff shall file with the Court and serve his opening brief on Defendant no later than **August 26, 2010.** Plaintiff shall refer to pages 3 and 4 of this Court's Scheduling Order issued on October 9, 2009 that outlines the required elements of this brief (Doc. 5 at ¶ 11(a)-11(f));

7) Defendant's opposition brief shall be filed with the Court and served on Plaintiff no later than **September 27, 2010**; and

8) Plaintiff's reply brief shall be filed with the Court and served on Defendant no later than **October 12, 2010.**

IT IS SO ORDERED.

Dated:   **May 20, 2010**                    **/s/ Gary S. Austin**
                                                                       UNITED STATES MAGISTRATE JUDGE